KELLAN S. PATTERSON, SB No. 307190
  info@kellanpatterson.com
**LAW OFFICE OF KELLAN PATTERSON**
2450 Venture Oaks Way, Suite 200
Sacramento, CA 95833
Tel:  916.905.7265
Fax: 916.721.2742

Kellan Patterson, Attorney for WILLIAM KING JR.

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM KENNETH KING, Jr., as an individual<br><br>Plaintiff,<br><br>vs.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>1.  42 U.S.C. § 1983 *Monell* Claim<br><br>**JURY TRIAL DEMANDED** |

## SUMMARY OF THE CASE

1.     Plaintiff William King was savagely beaten by a cellmate on or about February 20, 2024, while in the custody and control of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff was inexplicably housed with a known excessively and uncontrollable violent inmate. CDCR officials acted with deliberate indifference when they transferred Plaintiff from a health facility to be housed within general population with an extraordinarily violent offender. Plaintiff has suffered sever injuries, including but not limited to permanent brain injury.

## PARTIES

2.     Plaintiff WILLIAM KENNENTH KING, Jr., (hereinafter referred to as "Mr. King" or

COMPLAINT FOR DAMAGES

"Plaintiff") is adult male who was housed at California State Prison-Sacramento at the time of the incident bringing about this lawsuit.

3.    Defendant CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION (hereinafter referred to as "CDCR" or "Defendant") is now, and at all times mentioned in this complaint was, a state agency existing by virtue of the laws of the State of California.

4.    Defendants DOES 1 through 25 consists of low-ranking prison officials, working in the capacity of correctional officers and prison staff for the CDCR. These defendants, on information and belief, were responsible for protecting Plaintiff by monitoring the housing units and individual cells. Also, these defendants, on information and belief, were responsible for making housing determinations to ensure that inmates like Plaintiff's attackers, are not housed with any inmate, and especially a inmate like Plaintiff who has medical conditions affecting his ability to socialize neurotypically.

5.    Defendants DOES 26-50, consist of high-ranking prison officials, working the capacity of supervisors, managers, lieutenants, captains and wardens. These defendants are responsible for curating policies and procedures, training modules and training materials. These defendants are also responsible for ensuring that low-ranking prison officials are adequately trained and are performing their duties pursuant to the applicable policies and procedures such as maintaining order and security within the correctional facility, enforcing rules, supervising inmates and housing inmates appropriately given the unique challenges that prison culture creates.

## JURISDICTION AND VENUE

6.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C § 1331.

7.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because all Defendants reside in this judicial district and are residents of this State in which the district is located.

8.    Venue is also proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this claim occurred in this judicial district by the named Defendants.

///

COMPLAINT FOR DAMAGES

**GENERAL ALLEGATIONS**
**Relevant Facts**

9.      William King Jr. has been managing a mental disorder for a large part of his adult life.

10.     Unfortunately, at a time when he was unable to manage his mental order, he committed a crime which resulted in a conviction and a sentence of 15 years in prison. The crime committed did not result in the physical harm of anyone.

**11.**    While serving his sentence, Plaintiff was placed in California Medical Facility ("CMF") so that he can receive treatment for his mental disorder.

**12.**    CMF was established in 1955 by the California Legislature to provide a centrally located facility to meet the medical, psychiatric, and dental health care needs of male felons incarcerated within the CDCR. CMF is a medium security medical facility located in the city of Vacaville, California.

**13.**    The majority of inmate-patients at CMF reside in an outpatient setting and receive health care in an outpatient clinics.

**14.**    Furthermore, the CMF provides both outpatient and inpatient mental health services for patients with a serious mental disorder. The licensed Psychiatric Inpatient Program at this facility is designed to provide more intensive treatment for patients who cannot function adequately or stabilize in an outpatient program.

**15.**    On information and belief, housing Plaintiff at CMF was the best location given his mental health disorder and other characteristics as he is unable to operate as neurotypical individuals. At the time of his incarceration, Plaintiff was unable to assess indicators of danger and many social cues. Plaintiff also had difficulty communicating with others and articulating himself to strangers.

**16.**    CMF has a low level of violence that occurs at the facility between inmates. Pursuant to public records data, from February 2023 through February 2024, there were no recorded of assaults on an inmate and 36 incidents of batteries on inmates.

**17.**    Although Plaintiff had a mental disorder, he never lost the desire to stay in touch with family members. He would often write letters and make phone calls to his family, especially to

3

COMPLAINT FOR DAMAGES

his mother. Thus, family members would constantly hear from Plaintiff.

18.     All of the sudden, Plaintiff's family stop hearing from him in late February of 2024. Plaintiff's brother and mother made numerous attempts to get in contact with and failed.

19.     In mid-Marh of 2024, Lieutenant Gonzales contacted the family and finally revealed that Plaintiff was severely injured at the hands of his cell mate inside the California State Prison-Sacramento.

20.     California State Prison – Sacramento, ("CSP- SAC") is primarily a Level IV institution. The most violent and dangerous inmates are housed at Level IV institutions. Inmates who find themselves in Level IV institutions are there because of classification policies that take into the considerations of factors that include: age, crime committed, history of violence, prior incarceration, gang involvement, and rule violations.

21.     CSP-SAC has higher level of violence that occurs at its facility between inmates. Pursuant to public records data, from February 2023 through February 2024, there were 7 incidents of assaults on prisoners and 130 incidents of batteries on inmates.

22.     On information and belief, Plaintiff was re-classified and sent to CSP-SAC from CMF on or about December of 2023.

23.     On information and belief, Plaintiff was severely beaten by his cellmate on February 20, 2024.

24.     Officials for CSP-SAC have refused to provide any information regarding the attack to Plaintiff and Plaintiff's family, outside of the fact that he was attacked by his cellmate on or about February 20, 2024.

25.     On information and belief, it is believed that his cell mate was a known to be extremely violent. In fact the cellmate's propensity for violence was made clear on how severely he injured Plaintiff.

26.     Plaintiff was beaten so severely that he suffered from severe traumatic brain injury and has been hospitalized ever since the day of the injury.

27.     Plaintiff and his family have been informed that Plaintiff was not given immediate treatment which means that the correctional officers failed to monitor the cells reasonably.

COMPLAINT FOR DAMAGES

**28.**     Plaintiff is informed that CDCR officials failed to implement policies and procedures to ensure that inmates who cannot mentally operate in a level IV institutions are not placed in such facilities.

**29.**     Plaintiff is further informed that the CDCR high ranking officials are aware of the insufficient policies and procedures and are aware that similar incidents have occurred prior to Plaintiff's incident and that CDCR has acted with deliberate indifference in attempting to address this deficiency to prevent the loss of life and great bodily injury.

**FIRST CAUSE OF ACTION**
**Monell: 42 U.S.C. Section 1983**
(Brought by Plaintiff against Defendant CDCR and Does 26-50)

1.     Plaintiff re-alleges and incorporate by reference herein paragraphs 1 through 29 of this Complaint.

2.     Plaintiff is informed and believes and thereon alleges that high-ranking CDCR officials, including high-ranking supervisors and DOES 26 through 50, and/or each of them, knew and/or reasonably should have known about the repeated acts of unconstitutional conduct resulting in cruel and unusual punishment for failing to protect Plaintiff from known violent and dangerous inmate The fact that CDCR official knowingly placed Plaintiff in a level IV institution, who has a mental health disorder that prevents him from understanding social cues and identifying dangerous people and conditions, is deliberate indifferent to the safety and well being of Plaintiff because CDCR high ranking officials have knowledge that these situations result in non-neurotypicals being attacked and preyed upon by violent and dangerous inmates.

3.     Despite having such notice, Plaintiff is informed and believes and thereon alleges that CDCR and DOES 26 through 50, and/or each of them, approved, ratified, condoned, encouraged, sought to cover up, and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by the CDCR which brought about DOES 1 through 25 unlawfully classifying Plaintiff to be cleared to reside in a Level IV CDCR institution and to be housed with a known dangerous and violent inmate.

4.     Plaintiff is further informed and believes and thereon alleges that as a result of the

COMPLAINT FOR DAMAGES

deliberate indifference, reckless and/or conscious disregard of the misconduct by DOES 1-50 and/or each of them, Defendant CDCR and/or DOES 25-50 ratified and encourage DOES 1-25 to continue their course of misconduct.

5.    Plaintiff further alleges that Defendants CDCR and DOES 1 through 50 and/or each of them, were on notice of the Constitutional defects in their training and inmate classification process, including, but not limited to: placing vulnerable non-neurotypicals in general population Level IV prisons to be housed with and socialize with extremely violent and dangerous inmates who have a history of committing batteries and assaults on other inmates and CDCR staff.

6.    The aforementioned acts and/or omissions and/or deliberate indifference by high ranking CDCR officials, including high ranking CDCR supervisors, DOES 26 through 50, and/or each of them resulted in the deprivation of Plaintiff's constitutional rights including, but not limited to: the right to not be deprived of life, liberty or property without due process of the law, as guaranteed by the Fourteenth Amendment to the United States Constitution; and the right to be free from cruel and unusual punishment as guaranteed by the Eighth Amendment of the United States Constitution .

///
///
///
///
///
///
///
///
///
///
///
///

6

COMPLAINT FOR DAMAGES

**WHEREFORE**, Plaintiff prays for relief as hereinafter set forth.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

1.  Compensatory damages in an amount to be proven at trial.

2.  For General damages in the amount of $10,000,000.00.

3.  For interest on the amount of compensatory damages;

4.  For any and all penalties to max amount as provided by law;

5.  For reasonable attorney's fees pursuant to applicable law;

6.  For Costs of suit pursuant to applicable law;

7.  For any other further relief that the court consider proper.

Date: March 31, 2025

_____

KELLAN S. PATTERSON
Attorney for WILLIAM K. KING, JR.

7

COMPLAINT FOR DAMAGES